Brody Valerga (USB #11789)
Valerga LLP
395 South Main Street, Suite 201
Alpine, UT 84004
Telephone: (801) 893-3635
Email: brody@valergalawyers.com
Attorney for Plaintiff and Counterclaim Defendant Plaza 106, LLC

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br>**PLAZA 106, LLC,**<br>　　　　Debtor in Possession. | **Bankruptcy No. 25-25459-PH**<br>Chapter 11<br>Hon. Peggy Hunt |
| **PLAZA 106, LLC,**<br>　　　　Plaintiff and Counterclaim Defendant,<br>v.<br>**FIRST UTAH BANK, a Utah state-chartered bank; and MICHAEL R. BROWN, in his capacity as Successor Foreclosure Trustee,**<br>　　　　Defendants and Counterclaim Plaintiff,<br><br>**FIRST UTAH BANK, a Utah state-chartered bank,**<br>　　　　Third-Party Plaintiff,<br>v.<br>**NAGENDRA PRASAD REDDY,**<br>　　　　Third-Party Defendant. | **Adv. Proc. No. 26-02063-PH**<br><br>District Court Case No.<br>**2:26-cv-00521-TC**<br>Hon. Tena Campbell |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE**

**A.　　The Motion To Withdraw the Reference Is Timely.**

First Utah Bank's timeliness objection fails because timeliness runs from the event that crystallizes the jury right—Plaza's jury demand—and Plaza moved to withdraw the reference the same day it demanded a jury.

Section 157(d) permits withdrawal "on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The statute fixes no bright-line deadline; a motion is timely when made at the

first reasonable opportunity after the movant learns of the grounds for withdrawal. *See In Re American Community Services, Inc*. 86 B.R. 681 (D. Utah 1988).

Plaza demanded a jury on June 2, 2026 (Adv. Dkt. 18) and moved to withdraw the reference that same day; the district court docketed it as No. 2:26-cv-00521-TC. FUB's reliance on the bright-line of DUCivR 83-6.3(c)(2) cannot displace § 157(d)'s "timely motion" standard, shorten the window Latimer measures from the jury demand, or extinguish a constitutional trigger the rule never addresses.

Because Plaza moved the very day its jury right crystallized, the motion is timely under the only governing standard. The Court should reject the objection and reach the merits.

**B.      Plaza's Jury Demand Was Timely and Was Not Waived.**

FUB's waiver theory fails because a fresh fourteen-day period opened when new issues arrived through the amended pleadings and FUB's deficiency counterclaim, and Plaza demanded a jury within it on June 2, 2026.

Rule 38(b) requires a demand within fourteen days after service of the last pleading directed to the issue. Fed. R. Civ. P. 38(b). New issues raised by an amended pleading or a counterclaim reopen that period, and under Rule 7(a) a motion is not a "pleading."

The rules operate together: because a Rule 12(b)(6) motion is not among Rule 7(a)'s pleadings, it is not the "last pleading directed to the issue" and cannot start or forfeit the jury clock; and where an amended complaint or counterclaim raises new issues, the right to demand a jury on those issues revives.

Here, the operative amended complaint and FUB's deficiency counterclaim—itself a new issue never previously joined—opened a fresh Rule 38(b) window, and Plaza served its demand (Adv. Dkt. 18) on June 2, 2026, within it. FUB never answered the amended complaint; it moved

2

under Rule 12(b)(6). No "last pleading" has been served on Plaza's claims, so the demand cannot be untimely.

The demand was made as of right, and FUB cannot manufacture waiver from its own choice to move rather than answer. The jury right stands.

**C.      Plaza Holds a Seventh Amendment Right to a Jury Trial.**

Plaza's UCC Article 4 claims seek legal money damages, so the Seventh Amendment guarantees a jury regardless of any "core" label—because the party seeking the jury never invoked the claims-allowance process.

The Amendment preserves jury trial in "Suits at common law"—actions for money damages. Article 4 authorizes such damages, including for a bank's lack of good faith. Utah Code § 70A-4-103(5). And jury waivers are strictly construed against waiver.

*Curtis v. Loether*, 415 U.S. 189 (1974), extends the right to statutory damages actions; *Tull v. United States*, 481 U.S. 412 (1987), fixes an action as legal by its remedy. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) holds the right survives—the "core" label notwithstanding. And *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389 (1937), indulges every presumption against waiver.

Plaza's Article 4 and bad-faith claims—arising from two $17,705.57 debits that left the loan short two payments ($35,411.14)—seek money damages under § 70A-4-103(5). Plaza filed no proof of claim, and FUB's was disallowed (Main Case Doc 112, June 4, 2026), so nothing renders these private-rights claims equitable. Nor do the waiver clauses reach them: Brown signed nothing, and FUB produced no deposit-account waiver.

The right is intact, unwaived, and beyond any "core" label. The Court should honor it.

**D.    Plaza Has Not Consented to Bankruptcy-Court Adjudication.**

FUB's consent theory fails because consent to non-Article III adjudication must be knowing and voluntary, and Plaza expressly withheld it at the threshold.

A litigant may consent to final adjudication by a bankruptcy court, but only knowingly and voluntarily; consent is not inferred from mere participation, and the concern with "sandbagging" counsels against implying it from defensive conduct.

*Wellness Int'l Network v. Sharif*, 575 U.S. 665 (2015), requires knowing and voluntary consent, implied only from acts clearly manifesting it. *Stern v. Marshall*, 564 U.S. 462 (2011), supplies the anti-sandbagging logic: a party may not withhold objection, gamble on the result, then attack the judgment—a concern that here favors Plaza, which objected up front.

Plaza filed a Notice of Non-Consent (Adv. Dkt. 20) and demanded a jury (Adv. Dkt. 18), reserving Article III adjudication at the outset. Resisting FUB's emergency foreclosure relief was not a voluntary appearance on the merits. Because Plaza objected at the threshold, Stern's concern cuts the other way and forecloses any inference of consent.

There is no knowing, voluntary consent here—only a documented refusal. FUB cannot conjure consent from Plaza's defensive posture.

**E.    Proposed Findings Under *Arkison* Are No Substitute for a Jury Trial.**

FUB's fallback—that the bankruptcy court can issue proposed findings—fails because *Arkison* cures only a Stern gap in a bench trial, not a jury demand, and a bankruptcy court cannot try a case to a jury without special designation and all parties' express consent.

The proposed-findings device lets a bankruptcy court submit findings for de novo review to cure a Stern defect in a bench matter. A bankruptcy judge may conduct a jury trial only if "specially designated" and "with the express consent of all the parties." 28 U.S.C. § 157(e).

*Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014), addresses the bench gap and cannot let proposed findings displace a jury right. *In re Kaiser Steel Corp.*, 911 F.2d 380 (10th Cir. 1990), and *In re Concept Clubs, Inc.*, 154 B.R. 581 (D. Utah 1993), confirm that where a jury right exists without the court's authority or consent to try it, withdrawal follows. *In re Renewable Energy Dev. Corp.*, 792 F.3d 1274 (10th Cir. 2015), repudiates FUB's core/intertwined theory.

Plaza has demanded a jury (Adv. Dkt. 18) and withheld consent (Adv. Dkt. 20). The bankruptcy court holds no § 157(e) designation and lacks all-party consent, so it cannot try this case to a jury, and *Arkison* does nothing to fill that gap.

Because only the district court can try these claims to a jury, withdrawal is necessary, not optional.

## F.    The Cause Factors Favor Withdrawal.

The cause inquiry ends once a jury right is shown—the efficiency factors are never reached—and all three predicate factors are met here.

Under § 157(d), "cause" for permissive withdrawal exists when the movant (i) holds a Seventh Amendment jury right, (ii) has timely demanded a jury, and (iii) has refused consent to final bankruptcy-court adjudication; once shown, the efficiency and judicial-economy factors drop out.

*In re Concept Clubs, Inc.,* 154 B.R. 581, 584–85 (D. Utah 1993), holds exactly that: a valid jury right, a timely demand, and a refusal of consent establish cause, and the court need not weigh the usual efficiency considerations.

Plaza satisfies each: (i) a Seventh Amendment right on its Article 4 legal-damages claims; (ii) a timely jury demand (Adv. Dkt. 18, June 2, 2026); and (iii) a filed refusal of consent

(Adv. Dkt. 20). With all three Concept Clubs factors met, the inquiry ends without reaching efficiency.

Cause is established as a matter of law. The Court should withdraw the reference.

## CONCLUSION

For the foregoing reasons, and because each of First Utah Bank's six arguments fails, Plaza 106, LLC respectfully requests that the Court grant the Motion to Withdraw the Reference and withdraw the reference of Adversary Proceeding No. 26-02063-PH to the United States District Court for the District of Utah.

DATED this 6th day of July, 2026.

Valerga LLP

/s/ Brody Valerga
Brody Valerga
Attorney for Plaintiff and Counterclaim Defendant
Plaza 106, LLC

6

## CERTIFICATE OF COMPLIANCE

1.      This Reply complies with the type-volume limitation applicable to reply memoranda under the District of Utah Rules of Practice because it contains 1,312 words, excluding the caption, table of contents, table of authorities, signature block, and certificates.

2.      This Reply complies with the typeface and type-style requirements of DUCivR 10-1 because it has been prepared in a proportionally spaced typeface using Times New Roman 12-point font.


DATED this 6th day of July, 2026.


/s/ Brody Valerga

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I electronically filed the foregoing REPLY IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following parties of record:

Zack L. Winzeler (zwinzeler@parsonsbehle.com)
Brian M. Rothschild (brothschild@parsonsbehle.com)
Whitney E. McKiddy (wmckiddy@parsonsbehle.com)
ecf@parsonsbehle.com
docket@parsonsbehle.com

PARSONS BEHLE & LATIMER
Counsel for First Utah Bank and Michael R. Brown

Office of the United States Trustee
USTPRegion19.SK.ECF@usdoj.gov

DATED this 6th day of July, 2026.

/s/ Brody Valerga

8